## MILTON *vs.* HADEN.

[ACTION ON PROMISSORY NOTE GIVEN FOR RENT OF FERRY.]

1. *Failure of consideration of note.*—If the lessee of a ferry, which has been in the uninterrupted use of the lessor and those under whom he holds for a length of time sufficient to raise the presumption of a judicial license or legislative grant, is dispossessed during his term by a third person, under color of a void grant from the commissioners' court, this constitutes no defense to an action on the note given for the rent.

2. *Averment and proof of plaintiff's property in note.*—In an action by husband and wife, as administrator and administratrix, on a promissory note given to the wife while sole, and payable to her with the addition of the words "administratrix," &c., an averment in the complaint, that the note "is now the property of the plaintiffs as administrator and administratrix, and is assets of said estate," is a sufficient allegation that they hold it as assets by transfer; and proof of the fact that it is assets of the estate, unless put in issue by plea verified by affidavit, is not required.

3. *Irrelevant evidence in rebuttal.*—A party who has introduced irrelevant evidence, cannot complain on error of the admission of irrelevant evidence in rebuttal.

APPEAL from the Circuit Court of Dallas.

Tried before the Hon. NAT. COOK.

THIS action was brought by Anselm L. Haden and Caroline M., his wife, as administrator and administratrix

of Benjamin J. Tarver, deceased, against Wiley Milton, William B. Milton, and James D. Monk ; and was founded on the defendants' promissory note for $640, dated June 1, 1855, and payable on the 1st June, 1856, "to the order of Mrs. Caroline M. Haden, administratrix of the estate of Benjamin Tarver, deceased, for the rent of the ferry at Selma one year, ending the 1st June, 1856." The complaint averred, that the plaintiffs were husband and wife, and that the note sued on "is now the property of plaintiffs as administrator and administratrix of said estate, and was and is assets of said estate." The defendants pleaded the general issue, "in short by consent, with leave to give in evidence any matter that could be specially pleaded in bar; and the plaintiffs filed a general replication, with like leave."

On the trial, as the bill of exceptions shows, the plaintiffs first proved their marriage, and Mrs. Haden's prior appointment as administratrix of Benjamin J. Tarver, deceased, her former husband; and then offered in evidence the note sued on. The defendants objected to the admission of the note, "on the ground that it was illegal and irrelevant evidence ;" but the court overruled their objection, and they excepted. The plaintiffs having here closed, the defendants read in evidence a written lease, dated June 1, 1846, which purported to be executed by and between "Mrs. Caroline M. Tarver, administratrix of Benjamin J. Tarver, deceased, of the first part, and Wiley Milton, of the second part ;" and by which the party of the first part leased and rented to the party of the second part, for the term of one year from the date of the lease, at an annual rent of $640, "the ferry across the Alabama river at Selma." The lease reserved to the party of the second part the privilege of keeping the ferry, on the same terms, for ten years ; and it was proved that the note here sued on was given, in the exercise of this privilege, for the rent during the year ending on the 1st June, 1856. The defendants then proved, that at the time said lease was executed, and when said note was given, neither of the landings of the ferry therein described, on either bank of the river, was on the lands of the estate of said

Benjamin Tarver; but that one of said landings was on the lands of Mrs. Tipton, and the other on a public street in the city of Selma. They further proved, by the probate judge of said county, that there is no evidence in the records of his office, so far as he knew, from the organization of the county down to the present time, that any ferry license had ever been granted at the city of Selma, until September, 1855, when a ferry was established, and a license for three months granted to one J. D. Nance, who, it was shown, had no right to the lands on either side of the river at any time. "There was no evidence showing the eviction of the lessees of the ferry, or their disturbance, otherwise than is herein stated; and there was no evidence of specific damage sustained by them in consequence of the license to said Nance. At this stage of the case, the plaintiffs asked the witness, what J. D. Nance said at the time he applied for the ferry license; to which the witness answered, that Nance said he only wanted the ferry for three months, because certain persons had refused to pay tolls on the ground that the ferry was not legally established. The defendants objected to this question, and also to the answer, as illegal and irrelevant evidence, and excepted to the overruling of their objections."

The defendants then read in evidence a transcript from the records of the court of county commissioners of Dallas, in the matter of the plaintiffs' petition for the establishment of a ferry across the river at Selma, and the grant of a ferry license to them as administrator and administratrix of said Tarver, and the petition of said Nance for a continuance of the ferry previously granted to him; showing that said commissioners' court, in December, 1855, granted a license to the plaintiffs, and refused to grant one to Nance. The plaintiffs then proved, "that a ferry had been kept up across the Alabama river at Selma for more than thirty years, and tolls had been charged at the same; that when the ferry was first opened and sold, it was purchased by *Tarver;* (?) that the landing on the east bank of said river was then on the lands now owned by said Tarver's estate, but, by the washing of the banks,

was removed down to Tipton's lands before the lease to Milton; and that the landing on the west bank, during all that time, was on a public street in Selma, where it still is." They also read in evidence a deed from Tipton and wife to Tarver, dated the 1st September, 1845, conveying certain lands in Selma and on the east bank of the river, with the ferry privileges.

"This being all the evidence in the case, the court charged the jury, 'that if they were satisfied that the plaintiffs, their intestate, and those under whom he held, had used and enjoyed the ferry for more than twenty years before the date of the lease read in evidence, without interruption, and had charged tolls to persons crossing at said ferry during that time, then the commissioners' court had no power or authority to grant a ferry license to Nance; and if they should believe that the defendant Milton was kept out of the enjoyment of said ferry under his lease, for three months, by said Nance, under color of the ferry license so acquired, that these facts furnished no defense against the note sued on, nor any part thereof.'

"The defendants excepted to this charge, and requested the court to instruct the jury, 'that if they believed the evidence, the plaintiffs were not entitled to recover in this suit;' also, 'that if they believed the evidence, the plaintiffs were not entitled to recover beyond the amount due for the time the defendant Milton was in the actual possession of said ferry;' also, 'that if they believed the evidence, the plaintiffs were not entitled to recover the full amount of the note read in evidence, but only such a proportional part thereof as the defendant was in the actual possession of the premises under the lease from Mrs. Tarver.' The court refused each of these charges, and the defendants excepted to the refusal of each."

The errors assigned are, the charge given by the court, the refusal of the charges asked, and the rulings of the court on the evidence to which exceptions were reserved.

Jno. T. Morgan, with Jona. Haralson, for appellants.
Wm. M. Byrd, contra.

16

R. W. WALKER, J.—1. In the case between these parties decided at the January term, 1858, (Milton v. Haden, 32 Ala. 30,) it was held by this court, that the continuous use of a ferry franchise for more than twenty years raises a presumption that it had a legal origin. If the lessors, and those under whom they held, had enjoyed the uninterrupted use of the franchise for more than twenty years, and there was no countervailing proof to disturb the presumption of judicial license, or legislative grant, thereby created, it is obvious that the court of county commissioners had no power to grant a license for a ferry at the same point to Nance. Upon the facts supposed, the license to Nance would be void ; and the fact that Nance, under color of this license, kept Milton out of the ferry under his lease, for three months, would constitute no defense to this suit. Such an interference with Milton's enjoyment of the franchise was not an eviction by title paramount, but a dispossession, without judicial proceeding, under an invalid and worthless claim.

2. It does not appear that the lease of the ferry was made by Mrs. Haden in her capacity as administratrix. She is, it is true, styled "administratrix," both in the lease and in the note sued on; but that is mere ' descriptio personæ.' She is found in possession of the ferry, claming under her husband. The defendant recognized her title, by becoming her tenant, and he will not be heard to dispute it. The case, then, is simply a suit by an administrator and administratrix, in their representative characters, upon a note made payable to the administratrix individually ; it being alleged in the complaint, that the note ' is now the property of the plaintiffs as administrator and administratrix,' and assets of the estate. This is a sufficient allegation that they hold the notes as assets by transfer.—Nesbitt v. Pearson's Adm'rs, 33 Ala. 668. Under the rule of practice adopted at the January term, 1853, (see 31 Ala. p. 5,) the plaintiffs were not required to prove that the note was assets of the estate, unless that fact was put in issue by plea, verified by affidavit.

3. The only remaining point is as to the admissibility of the declarations made by Nance when he presented

his petition for a license to the court of county commissioners. It follows from what has already been said, that the evidence which the defendant had introduced, showing that Nance had obtained a license for three months for a ferry at the same point, was irrelevant. The defendant, having chosen to offer irrelevant testimony, cannot complain that the plaintiff was permitted to rebut it, by showing under what pretense Nance procured his license. Nelson v. Iverson, 24 Ala. 9. This evidence could not prejudice the defendant, and in any aspect in which it may be viewed, its admission was error without injury.

Judgment affirmed.